ESTATE OF THOMAS L. KAPLIN, DECEASED, MAURY I. KAPLIN, EXECUTOR AND GERTRUDE F. KAPLIN, SURVIVING SPOUSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; GERTRUDE F. KAPLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kaplin v. Commissioner
Docket Nos. 16118-79, 16119-79.
United States Tax Court
T.C. Memo 1987-337; 1987 Tax Ct. Memo LEXIS 338; 53 T.C.M. (CCH) 1323; T.C.M. (RIA) 87337; July 9, 1987. *338 Held, fair market value of certain real estate on the date of its gift to a municipality determined. Gerald P. Moran and John G. Mattimoe, for the petitioners. Richard S. Bloom, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on remand from the Sixth Circuit Court of Appeals. , revg. . We are directed to consider the tax-assessed value of certain real estate (the Plaza Hotel) in determining its fair market value on December 30, 1975, the date of its gift (via corporate stock) by one of the petitioners to the City of Toledo, Ohio. The Plaza Hotel was a complex of six interconnected brick buildings built between 1901 and 1930 and at the time of the gift was in a serious state of decrepitude. The assessed value of the property on the date of the gift to the City of Toledo was $404,608. On April 2, 1976, when the property was de facto no longer on the City's tax rolls, the Lucas County, Ohio, tax assessor increased the estimated "true value" to $864,300, based on data collected on August 18, 1975, after *339 the gift to the City had been proposed. Under Ohio law, true value is intended to represent fair market value. The record reveals that the tax assessor used the replacement cost method of valuation, notwithstanding the age and dilapidated condition of the buildings, but the reasons he chose particular percentages for normal depreciation and obsolescence are not explained since he was not called upon to testify. The Circuit Court draws our attention to , affg. . The Seventh Circuit held that "the Tax Court did not err in considering the assessment records," which records, that court observed, "could be material." . In , we held that "This Court has approved the use of such assessments as one indicator of value when * * * the relation between assessed value and fair market value is demonstrated." With due deference to the Sixth Circuit Court of Appeals, and assuming our understanding of the materiality of assessment *340 records in valuation cases is correct, we do not believe the relation between assessed value and fair market value has been demonstrated in this case. Petitioners' principal appraisal report (prepared by Paul J. Burnor) determined the value of the Plaza Hotel to be $750,000 based upon what we considered to be a badly flawed net income forecast. The Lucas County tax assessor's figure substantially exceeds even this amount. Neither does the tax assessor's valuation support the $22,000 figure placed on the property by respondent's expert, Brent Biggs. In deference to the Circuit Court's mandate, we refer to the tax assessor's valuation figure of $864,300 and quote the following from Petitioners' Supplemental Brief dated June 13, 1985: The value as determined under the cost replacement method normally establishes the higher range of fair market value. Because of this and the age of the buildings, a reasonable discount from the tax assessed value of $864,300 would seem appropriate and would reflect a decrease in value due to some additional obsolence [sic] relating to such buildings. This value, as determined under a discounted cost of replacements, is also corroborated by Burner's *341 [sic] estimate of value under the income capitalization methods after his estimated expenses are increased by $15,000 per year. See Petitioners' Trial Brief, p. 23, request for finding of fact number 61. Hence, the tax assessed value, even if discounted, supports a determination of value of not less than $600,000. Petitioners thereafter requested that the Court determine a fair market value of not less than $600,000. We determine the fair market value of the Plaza Hotel to be $600,000 on the December 30, 1975, valuation date. Decision will be entered under Rule 155.